95 P.3d 76

STATE of Idaho, Plaintiff–Respondent,

v.

Buddy SOHM, Defendant–Appellant.

No. 29052.

Court of Appeals of Idaho.

March 4, 2004.

Review Denied Aug. 3, 2004.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric Don Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent. Ralph Reed Blount argued.

GUTIERREZ, Judge.

Buddy Sohm appeals from the judgment of conviction entered after a jury found him guilty of domestic violence. We vacate and remand.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Sohm was charged with felony domestic violence pursuant to Idaho Code § 18–918(3). The charges stemmed from an altercation between Sohm and his live-in girlfriend, Vicki Hegg. According to Sohm, Hegg initiated the physical argument by kicking him in the knees, biting his hand, and scratching his face. Sohm asserts that the "one knuckle" blow to the face sustained by Hegg was unintentionally delivered and was merely his unthinking or involuntary reaction to her attack. Sohm further contends that he did "everything" to prevent the confrontation from escalating to violence.

However, evidence adduced at trial indicates that Hegg suffered multiple injuries including a dislocated jaw, chipped teeth, a bloody lip, and a scratched or bruised neck. Hegg testified that Sohm got on top of her, kneed her in the stomach, attempted to strangle her, and punched her in the face after she had indicated her desire to terminate their relationship. Hegg was pregnant at the time of the attack.

Sohm was found guilty of felony domestic violence following a jury trial, and the dis-

trict court imposed a unified three-year sentence, with eighteen months determinate.

## II.

### ANALYSIS

On appeal, Sohm asserts that: (1) the district court did not have jurisdiction to hear his case because the prosecutor's information failed to allege sufficient facts to charge a crime under the statute cited by the state; (2) the jury instructions did not fairly and accurately present the applicable law; (3) the district court erred when it created a fatal variance; and (4) the district court abused its discretion when it failed to adequately consider all of the facts and circumstances of his case in fashioning his sentence and in denying his Idaho Criminal Rule 35 motion. At oral argument, counsel for appellant conceded that the variance claim was, pursuant to our consistently held interpretation of that doctrine, unsupportable. Furthermore, because we find them dispositive, only Sohm's first two issues are addressed.

### A. Jurisdictional Sufficiency of the Information

█ Sohm contends that because the information upon which he was tried did not allege that he "willfully" inflicted the traumatic injury on his victim, the information failed to state a claim and therefore did not confer jurisdiction upon the district court. Whether an information is legally sufficient is a question over which we exercise free review. *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991).

The level of scrutiny we apply in evaluating the sufficiency of a charging document varies according to when the charging document was challenged. *State v. Halbesleben*, 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App. 2003). If the alleged deficiency was raised by the defendant prior to trial, the charging document must state all facts essential to establish the charged offense. *Id.* Where the alleged deficiency is not asserted until after the verdict, the information will be liberally construed in favor of validity and will be "upheld unless it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *State v. Cahoon*, 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989); *Halbesleben* 139 Idaho at 168, 75 P.3d at 222. The reviewing court has considerable leeway in construing the information to imply the necessary allegations from the language of the information. *Robran*, 119 Idaho at 287, 805 P.2d at 493. Sohm did not challenge the validity of the information until after he had been found guilty. Therefore, our review is limited to whether the elements of felony domestic battery were at least fairly implied by the language of the information.

The information charged:

BUDDY SOHM is accused by this information of the crime of: DOMESTIC BATTERY, Idaho Code § 18–918(3), committed as follows, to wit:

That the said BUDDY SOHM, in POCATELLO, in the County of Bannock, State of Idaho, on or about the 11th DAY OF May, 2002, did inflict a traumatic injury upon another household member, VICKI HEGG, by striking her in the face and body resulting in traumatic injury.

Idaho Code § 18–918(3) provides:

Any household member who commits a battery, as defined in section 18–903, Idaho code, and willfully and unlawfully inflicts a traumatic injury upon any other household member is guilty of a felony.

We conclude that the language of the information alleging that Sohm struck Hegg in the face and body resulting in traumatic injury, when liberally construed, adequately alleges the elements of the crime for which Sohm was convicted. The information reasonably implies the "willful" or "intentional" element of I.C. § 18–918(3) by use of the word "striking," and by its description of Hegg sustaining those strikes on her face *and* body. The word strike, when used as a verb, is synonymous with such terms as "hit," "smite," and "cuff." See WEBSTER'S NEW INTERNATIONAL DICTIONARY, UNABRIDGED (3d ed.1993). Though the word "strike" may be considered the most general of these synonyms, it nevertheless denotes the delivery of contact. As is apparent from the context of the information, the word

"strike" was furthermore here intended to connote its most commonly understood meaning: as intentional rather than accidental. Moreover when the term is used, as here, to describe blows to the face *and* body, the clear inference is of repeated blows. The fact that the blows were repeated further underscores the implication that an intent to cause traumatic injury informed Sohm's actions. Thus, the information was sufficient to charge Sohm with the crime of felony domestic violence and to vest the district court with jurisdiction to try the case.

## B. Jury Instructions

■ Sohm asserts the jury instructions were inadequate in several respects. Because it is dispositive, we address only his contention that Jury Instruction 10 was apt to confuse or mislead the jury as to the state's burden to prove Sohm's intent to inflict traumatic injury. Whether the jury instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law is a question of law over which we exercise free review. *State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996); *State v. Canelo,* 129 Idaho 386, 391, 924 P.2d 1230, 1235 (Ct.App.1996). Reversible error occurs only when the instructions mislead the jury or prejudice the complaining party. *State v. Row,* 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998).

As previously discussed, I.C. § 18–918(3) provides: "Any household member who commits a battery, as defined in section 18–903, Idaho Code, and willfully and unlawfully inflicts a traumatic injury upon any other household member is guilty of a felony." Jury Instruction 4, in which the district court set forth the elements for the crime of domestic battery, instructed the jury that:

> In order for the defendant to be guilty of Domestic Battery, a felony, the state must prove each of the following:
> (1) On or about May 11, 2002
> (2) in the state of Idaho
> (3) the defendant, BUDDY SOHM, willfully and unlawfully
> (4) inflicted a traumatic injury upon another household member, Vicki Hegg.

Relying on I.C. § 18–101, the district court also instructed the jury, via Jury Instruction 10, that "[a]n act is 'wilful' or 'done wilfully' when done on purpose. One can act wilfully without intending to violate the law, to injure another, or to acquire any advantage." Sohm asserts that this instruction, when considered in light of Jury Instruction 4's elemental description of domestic violence as the *willful* and unlawful infliction of traumatic injury, was a misstatement of the law apt to confuse or mislead the jury.

In order for Sohm to be found guilty of domestic battery, the state was required to prove not only that he committed a battery but also that he *willfully* inflicted a traumatic injury upon another household member. I.C. § 18–918(3). In *State v. Reyes,* 139 Idaho 502, 80 P.3d 1103 (Ct.App.2003), we held that to establish a violation of I.C. § 18–918(3), the state must prove that the defendant willfully inflicted injury, though it need not be shown that the defendant intended the precise injury that the victim sustained. In light of the plain meaning of "a willful infliction of a traumatic injury," we are compelled to agree with Sohm that it was error for the district court to deliver Jury Instruction 10, which defined "willful" as a state of mind not necessarily requiring an intent to injure another. Under I.C. § 18–101(1), the term "willfully" is to be applied as that statute defines "unless otherwise apparent from the context." It is apparent from the context of I.C. § 18–918(3) that the section 18–101(1) definition of "willfully" does not apply. Instruction 4 correctly told the jury that the state must prove that Sohm willfully and unlawfully inflicted a traumatic injury while Jury Instruction 10 incorrectly told the jury, pursuant to I.C. § 18–101(1), that Sohm would be guilty even if he had not intended to injure Hegg. The incompatibility of this instruction with the domestic violence statute is clear.

■ We are left to consider whether the error was harmful. To be reversible error, an instruction must mislead the jury or prejudice the defendant. *State v. Row,* 131 Idaho at 310, 955 P.2d at 1089; *State v. Cheatham,* 139 Idaho 413, 416, 80 P.3d 349, 352

(Ct.App.2003). There can be no doubt that this error was prejudicial because it diminished the state's burden of proof on the mental element of the offense. As the Idaho Supreme Court stated in *State v. Young,* 138 Idaho 370, 373, 64 P.3d 296, 299 (2002), with regard to analogous circumstances, "At best this is confusing. At worst it misstates the law...." *Id.* Because of this risk of confusion or misstatement of the law, and the consequent prejudice suffered by Sohm, we conclude the district court's error in delivering Jury Instruction 10 cannot be deemed harmless.

### III.

### CONCLUSION

We conclude that the information upon which Sohm was tried was sufficient to charge him with the crime of felony domestic violence and to vest the district court with jurisdiction to try the case. However, because the jury instructions did not adequately state the applicable law and were apt to confuse or mislead the jury to a prejudicial degree, we vacate the judgment of conviction and remand for further proceedings.

Chief Judge LANSING and Judge PERRY concur.