**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32772**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2008 Opinion No. 76 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 24, 2008 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BENNY DALE COFFIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of ten years, with five years determinate, for felony domestic violence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Bennie Dale Coffin appeals from the judgment of conviction and sentence entered upon the jury verdict finding him guilty of felony domestic violence. We affirm.

**I.**

**FACTS AND PROCEDURE**

On June 1, 2005, police twice responded to Coffin's residence to investigate two separate reports of domestic violence. The first report was made by Coffin's live-in girlfriend, Kalee Chandler, who called 911 reporting that she and Coffin had been in an altercation. After arriving at the residence to investigate, an officer suggested to Coffin, who was "clearly intoxicated," that he leave the residence. No arrests were made at the time.

Approximately a half-hour after the officers left the residence, Chandler fled to a nearby house screaming and told her neighbor that Coffin had hit and kicked her and thrown her to the

ground. Chandler spoke to a 911 operator, telling her that Coffin had returned to the house wanting a ring and that Chandler had put the ring in her mouth. She stated that Coffin then put his fingers in her mouth, she bit them, and he threw her on the ground and kicked her in the head.

When the officers returned to Coffin's residence, he was not there. They interviewed Chandler and took photographs of her injuries which included a scratch and bruise on her arm, bite marks on her forehead, a noticeable bump on the back of her head, and lacerations under her tongue. The police then left the residence in search of Coffin who they found several blocks away. He told the officers that when Chandler would not give him the ring, he had pried her mouth open and attempted to retrieve the ring. She then bit down on his fingers, causing Coffin to press his teeth against her forehead and to hit the back of her head in an attempt, he claimed, to have her release her bite. He also admitted to pushing her to the ground to free himself but denied kicking her in the head as she had claimed.

Coffin was charged with felony domestic violence, Idaho Code §§ 18-903, 18-918(2). Following a jury trial, he was found guilty and sentenced to ten years, with five years determinate. The court, however, suspended the sentence, placing Coffin on probation for ten years. Coffin now appeals.

## II.

## ANALYSIS

### A. Jury Instructions

For the first time on appeal, Coffin contends that the district court committed reversible error when it instructed the jury with regard to the definition of "willfully" for the purpose of the "willful infliction of a traumatic injury" element of the domestic violence charge (jury instruction no. 10).

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Ordinarily, a party may not claim that a jury instruction was erroneous unless the party objected prior to the jury beginning to deliberate. Idaho Criminal Rule 30(b). However, even absent a timely objection to the trial court, some claims of instructional error are reviewable for

2

the first time on appeal under the fundamental error doctrine. *State v. Anderson*, 144 Idaho 743, 748, 170 P.3d 886, 891 (2007). Fundamental error has been defined as error that "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *Anderson*, 144 Idaho at 748, 170 P.3d at 891; *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Coffin contends the instruction given by the court on the "willful" element of infliction of traumatic injury for domestic violence was an erroneous statement of the law that was prejudicial to him. Specifically, he argues that the court instructed the jury on "willfulness" by giving "the less culpable conduct-oriented meaning" of the term and thereby reducing the state's burden of proof in regard to the mental element of the offense.

The United States Supreme Court has held that in a criminal trial, "the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004); *Anderson*, 144 Idaho at 749, 170 P.3d at 892.

The applicable code section which Coffin was charged with violating, I.C. § 18-918(2)(a),[1] stated that:

> Any household member who commits a battery, as defined in section 18-903, Idaho Code, and *willfully and unlawfully* inflicts a traumatic injury upon any other household member is guilty of a felony.

(Emphasis added).

In *State v. Sohm*, 140 Idaho 458, 95 P.3d 76 (Ct. App. 2004), the lower court used the definition of "willfully" in Idaho Code § 18-101(1)[2] in instructing the jury on a domestic

---

[1] The acts in question occurred on June 1, 2005, before the 2005 amendment to the statute which deleted the words "willfully and unlawfully" from the substantive section at issue in this appeal. 2005 IDAHO SESS. LAWS ch. 158, § 1, pp. 488-90. As currently in effect, I.C. § 18-918(2)(a) provides:

> Any household member who in committing a battery, as defined in section 18-903, Idaho Code, inflicts a traumatic injury upon any other household member is guilty of a felony.

[2] Idaho Code Section 18-101(1) provides:

> The word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the

3

violence charge. The instruction stated that "[a]n act is 'willful' or 'done willfully' when done on purpose. *One can act willfully without intending to violate the law, to injure another, or to acquire any advantage*." (Emphasis added). We held that in light of *State v. Reyes*, 139 Idaho 502, 80 P.3d 1103 (Ct. App. 2003), where this Court had held that to establish a violation of I.C. § 18-918(3), the state must prove that the defendant willfully inflicted *injury*, it was error for the lower court to instruct the jury on the definition of "willfulness" in I.C. § 18-101(1). The erroneous instruction would have allowed the jury in *Sohm* to find the defendant guilty even if he had not intended to injure the victim with his actions, because the instruction had defined "willful" as a state of mind not necessarily requiring an intent to injure another. The error was held to be not harmless because the instruction was confusing and misleading. We concluded, "[t]here can be no doubt that this error was prejudicial because it diminished the state's burden of proof on the mental element of the offense." *Sohm*, 140 Idaho at 461, 95 P.3d at 79.

Similarly, in *State v. Young*, 138 Idaho 370, 64 P.3d 296 (2002), the Idaho Supreme Court rejected the use of a jury instruction utilizing the I.C. § 18-101(1) definition of "willfully" in the context of the charge of felony injury to a child. The court held that the error was not harmless because "[a]t best, [the erroneous instruction] is confusing. At worst, it misstates the law . . . ." *Young*, 138 Idaho at 373, 64 P.3d at 299. *See also State v. Lilly*, 142 Idaho 70, 72-73, 122 P.3d 1170, 1172-73 (Ct. App. 2005) (relying on *Sohm* to find that the "willful" instruction was erroneous as given in the context of a felony domestic battery charge).

Here, jury instruction no. 10 regarding willfulness consisted of the first half of I.C. § 18-101, stating that:

> "Willfully" when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to.

The state argues that the court's deletion of the last sentence of the "willfulness" definition as articulated in I.C. § 18-101(1) was sufficient to distinguish the case from *Sohm* and *Young*. Specifically, the state argues that unlike in *Sohm*, instruction no. 10 in this case did not define the term "willfully" in such a manner that the jury could find Coffin guilty of domestic violence

---

omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.

even if he did not intend to injure the victim. The state asserts that when considered together with instruction no. 7, which instructed the jury that Coffin must have "willfully" inflicted a traumatic injury, the effect of instruction no. 10 was "simply to convey to the jury that Coffin must have purposely inflicted a traumatic injury, *i.e.*, that he intentionally injured the victim." Coffin, however, argues that despite the fact the instruction consisted of only the first sentence of the instructions at issue in the cases discussed above, it still operated to reduce the state's burden of proof in regard to the mental element of the offense.

Examining the instructions as a whole, we conclude that instruction no. 10 was not an erroneous statement of the law. In Sohm and Young it was the second sentence of the instructions which the courts focused on as operating to reduce the state's burden of proof in regard to a mental element of the offense. We agree with the state that without the second sentence, the instruction merely conveys that an act is done "willfully" when it is done on purpose. Read in concert with instruction no. 7, that the defendant must have "willfully . . . inflicted[ed] a traumatic injury upon [the victim]," instruction no. 10 was sufficient to convey the requirement Coffin must have intended to injure the victim when he struck her. Thus, we conclude the court did not err in giving instruction no. 10.

Coffin also contends the district court erred in its actions taken to correct instruction no. 7 after it was read to the jury. After the prosecutor alerted the court to an error, the court instructed that each juror take out their writing instruments and make the corrections on their individual copies of the instruction. Coffin argues that the court's failure to give the jurors a clear, corrected version of the instruction was apt to mislead and confuse them. However, Coffin cites no authority for the proposition that each juror is required to have a "clean" copy of an instruction, and we note that the judge read the corrected version of the instruction to the jury in its entirety prior to releasing them for deliberations. The trial judge instructed that:

> I will repeat instruction number 7. In order for the defendant to be guilty of domestic violence, the State must prove each of the following:
> - (1) on or about June 1, 2002;
> - (2) in the State of Idaho;
> - (3) the defendant, Benny Dale Coffin;
> - (3)(a) did commit a battery upon Kalee Chandler;
> - (4) did willfully and unlawfully inflict a traumatic injury upon Kalee Chandler;
> - (5) while the defendant and Kalee Chandler were household members.

5

If each of the above elements have been proved beyond a reasonable doubt, you must find the defendant guilty of domestic violence. If any of the above elements has not been proven beyond a reasonable doubt, then you must find the defendant not guilty of domestic violence.

Under the circumstances we find no error in the procedure.

## B.    Prosecutorial Misconduct

Coffin also argues that his right to a fair trial was violated when the prosecutor committed misconduct by misstating the law during his closing arguments. He contends that the prosecutor's statement of the law was erroneous in that it lowered the state's burden of proof regarding the willfulness of Coffin's conduct. Specifically, the prosecutor stated that:

I want you to flip to . . . instruction number 10; willfully. It's important to understand the meaning of the word willful because it is employed in instruction number 7.

[Instruction number 10] states: "Willfully, when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or omission referred to."

So when [Coffin] put his hands into [Chandler's] mouth, his intention was probably to get the ring. What resulted from the act, there were some cuts in her mouth.

Even if you assume, as was suggested, that perhaps the ring sitting in her mouth by itself caused the harm, we know that [Coffin's] hand went into that mouth. And perhaps he *didn't intend to cut her mouth, but his act was to get his hand in there and get that ring*. So the act was willful, although *he may not have intended the specific result*. . . .

(Emphasis added). No objection was stated by the defense or ruling made at the time the challenged statements were made by the prosecutor.

It is prosecutorial misconduct for a prosecutor to misstate the law in closing arguments. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). However, where there is no contemporaneous objection, a conviction will be reversed for prosecutorial misconduct only if the conduct is sufficiently egregious to result in fundamental error. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *State v. Hairston*, 133 Idaho 496, 507, 988 P.2d 1170, 1181 (1999). Prosecutorial misconduct during closing arguments will constitute fundamental error only if the comments were so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Cortez*, 135 Idaho 561, 565, 21 P.3d 498, 502 (Ct. App. 2001).

6

We conclude the prosecutor did commit misconduct as his argument during closing was a misstatement of the law. While the state attempts to provide another interpretation, the only plausible reasoning is that the prosecutor was arguing that the jury could convict Coffin for injuring Chandler's mouth even if it only found that he willfully put his hand in Chandler's mouth without intending to injure her. In other words, the prosecutor was arguing that Coffin could be found guilty even if the jury found that he put his hand in her mouth out of his own free will, but his intention was to retrieve the ring and not to cause injury. This is in direct contravention to jury instructions no. 10 and 7 as well as the requirement of the domestic violence statute.

A reversal of Coffin's conviction, however, is not warranted, as we conclude that the error was not so egregious that a curative admonition from the court at the time could not have remedied any consequent prejudice. Therefore, although the prosecutor's comments were a misstatement of the law, they do not constitute fundamental error necessitating a reversal of Coffin's conviction.

## C.    Sentence Review

Upon Coffin's conviction for domestic violence, the court sentenced him to a unified term of ten years with five years determinate, but suspended the sentence and placed him on probation. Coffin argues that given any view of the facts, this sentence is excessive.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When

7

reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 170 P.3d 387 (2007).

Coffin points to several mitigating circumstances that he contends rendered his sentence unreasonably long. These include his expression of remorse for his conduct, the family support that he still retains, the part that his being under the influence of alcohol played in the incident, and his willingness to seek treatment for an alcohol problem. He also contends the sentencing court failed to give sufficient weight to the "nature of the offense" which he characterizes as merely "a physical dispute about an engagement ring that resulted in scratch[es] to the mouth . . . ."

Upon a review of the record, we conclude the court took the "mitigating circumstances" that Coffin asserts into account and that the sentence imposed is not excessive. In sentencing Coffin, the court specifically noted that it had reviewed the presentence report and its addendum and an evaluation of Coffin for substance abuse and anger issues, and had considered the nature of the offense, the character of the offender, the mitigating and aggravating factors present, and the objectives of sentencing. The court explicitly noted that a rider was not appropriate because the rider program did not offer the type of programs (including anger management) that the defendant required and that given his history of alcohol abuse and resulting domestic violence towards his "female relationships," a significant underlying sentence and period of probation was necessary. Despite Coffin's attempt to minimize the seriousness of the altercation, it is undisputed that he was intoxicated at the time and that his victim suffered various physical injuries. Under these circumstances, we cannot say the sentence imposed was excessive.

## III.

## CONCLUSION

Jury instruction no. 10 was not an erroneous statement of the law in regard to the "willfulness" element of the domestic violence statute. And while the prosecutor did commit misconduct by misstating the law in closing arguments, Coffin did not object at the time, and we conclude that the misconduct does not rise to the level of fundamental error. Finally, the sentence imposed by the district court is not excessive. Accordingly, we affirm Coffin's judgment of conviction and sentence for felony domestic violence.

Judge LANSING and Judge PERRY **CONCUR**.