# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39670

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 529** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 10, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KIRK A. LOFTIS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion to vacate conviction, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Kirk Loftis appeals the district court's denial of his motion to correct an illegal sentence under Idaho Criminal Rule 35. He contends that his sentence is illegal because the district court lacked subject matter jurisdiction over the felony charge for which Loftis was convicted and sentenced.

## I.

## BACKGROUND

In late 2003, Kirk Loftis and Kim Richards were living together. Although they had signed a lease together, the stress of unemployment had strained the relationship, and in September Richards asked Loftis to move out. Over the next few days the two talked, presumably in an attempt to reconcile, but on October 1, the discussion deteriorated into a violent confrontation. Richards later testified that Loftis hit her, wrestled with her, pulled her hair, choked her, pushed her, and the like. Richards' daughter was present for the struggle. A

1

neighbor who witnessed part of the fight called the police. The State filed an information charging Loftis as follows:

> DOMESTIC VIOLENCE IN THE PRESENCE OF CHILDREN, FELONY, I.C. § 18-903, 918(7)(b) which crimes was/were committed as follows:
> That Defendant, KIRK A. LOFTIS, on or about the 1st day of October, 2003, in the County of Ada, State of Idaho, did actually, intentionally and unlawfully commit a traumatic injury upon the person of Kim Richards, to-wit: by punching the victim in the face and head, pulling her by the hair and strangling her by the neck, while in the presence of a child, to-wit: [A.R.,] four (4) years old, and where Kim Richards and the Defendant are household members.

After a trial, Loftis was found guilty of felony domestic violence in the presence of children. In 2011, Loftis filed a motion to vacate his sentence and/or conviction on the ground that the court lacked subject matter jurisdiction. According to Loftis, the information was sufficient to allege only misdemeanor domestic violence, and the district court therefore lacked jurisdiction to convict and sentence him for a felony. The district court denied the motion.

On appeal, Loftis again asserts that his felony conviction and sentence are illegal and should be vacated because the district court lacked jurisdiction. He argues that he should be sentenced on remand for misdemeanor battery because that is the only offense for which the charging information conferred jurisdiction on the district court.

## II.

## ANALYSIS

Idaho Criminal Rule 35 provides an avenue for a defendant to correct an illegal sentence, and such a motion may be filed "at any time." Here, Loftis's challenge to his sentence is actually a challenge to the underlying felony conviction. Idaho courts have long held that Rule 35 may not be used as a means to collaterally attack a conviction. *See State v. Self*, 139 Idaho 718, 725, 85 P.3d 1117, 1124 (Ct. App. 2003); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). However, in *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), the Idaho Supreme Court entertained a challenge to the trial court's subject matter jurisdiction that was presented through a Rule 35 motion. The Court said, "[W]here a court properly has jurisdiction to consider a case--as it does here to consider Lute's [Rule] 35 motion--and it is apparent that there is an issue concerning subject matter jurisdiction or that a defendant was convicted for something that is not a crime, this Court must correct that error." *Lute*, 150 Idaho at 840, 252

P.3d at 1258. Therefore, we will consider Loftis's challenge to the district court's subject matter jurisdiction presented via his Rule 35 motion.

In criminal cases, subject matter jurisdiction is conferred on a court by the filing of an information alleging that an offense, as defined by Idaho law, was committed within the State of Idaho. *State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004). *See also Lute*, 150 Idaho at 840, 252 P.3d at 1258. The district court's jurisdictional power, therefore, depends on the charging document being legally sufficient to survive challenge. *Jones*, 140 Idaho at 758, 101 P.3d at 702. Whether a charging document is legally sufficient is a question of law subject to free review. *Id.* at 757, 101 P.3d at 701. Such a challenge may be raised at any time, including for the first time on appeal. *Id.*

While a challenge to the information's sufficiency can be heard at any time, the standard against which the information is measured differs depending upon when the challenge is brought. *State v. Halbesleben*, 139 Idaho 165, 167-68, 75 P.3d 219, 221-22 (Ct. App. 2003). If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must set forth all facts essential to establish the charged offense to survive the challenge. *Id.* at 168, 75 P.3d at 222. This requires only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991). When the information's sufficiency is not challenged until after trial, the standard is lower, and the information "will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge [the] offense for which the defendant [was] convicted." *Jones*, 140 Idaho at 759, 101 P.3d at 703 (quoting *Robran*, 119 Idaho at 287, 805 P.2d at 493). This standard affords the reviewing court "considerable leeway to imply the necessary allegations from the language of the Information." *Jones*, 140 Idaho at 759, 101 P.3d at 703. When the objection to the charging document is not made until after entry of judgment, if the applicable code section is named in the charging document its language may be read into the text of the charge. *Id.*

At the time of Loftis's offense, a felony conviction for domestic violence required that an individual both "commit[] a battery" and "willfully and unlawfully inflict[] a traumatic injury."

3

I.C. § 18-918(3) (2003);[1] *State v. Reyes*, 139 Idaho 502, 505-06, 80 P.3d 1103, 1106-07 (Ct. App. 2003). Loftis acknowledges that the information alleged that he committed a battery, but contends that it did not adequately allege that he willfully inflicted a traumatic injury. Therefore, the only issue on appeal is whether a fair and reasonable reading of the information implies the necessary element of willful infliction of traumatic injury.

Idaho Code informs us that the word "willfully" refers to the "intent with which an act is done . . . [, and] implies simply a purpose or willingness to commit the act . . . ." I.C. § 18-101(1).[2] Idaho case law has long found common ground between the term "willfully" and the term "intentionally." *See Archbold v. Huntington*, 34 Idaho 558, 565, 201 P. 1041, 1043 (1921) (willfully is "nearly synonymous with 'intentionally' 'designedly' 'without lawful excuse,' and therefore not accidental"); *State v. Hall*, 90 Idaho 478, 489-90, 413 P.2d 685, 692 (1966) (citing *Archbold* and noting that willfully "implies the conscious commission of a wrong"); *State v. Leferink*, 133 Idaho 780, 783, 992 P.2d 775, 778 (1999) (approving the district court's reasoning that, "The word 'willfully'. . . is . . . nearly synonymous with 'intentionally.'"). Here, the information accused Loftis of "actually, intentionally, and unlawfully commit[ting] a traumatic injury . . . ." A fair and reasonable reading of this language plainly indicates that Loftis purposefully inflicted said injury. Consequently, the facts contained in the information are sufficient to allege that the act was done "willfully."

Because the information's factual allegations assert all the charged crime's necessary elements, we need not consider whether the information's citation of Idaho Code §§ 18-903 and 18-918(7)(b) was sufficient to allow the court to read into the information all necessary elements of the charged offense. Nor do we need at this time to determine whether correctly titling the offense in the charging document would be sufficient (either alone or in combination with other

---

[1] Section 18-918 was reordered in 2004, so that felony domestic battery was thereafter I.C. § 18-918(2)(a) & (b). 2004 Idaho Sess. Laws Ch. 118 at 393. Additionally, in 2005 the Idaho Legislature deleted the words "willfully and unlawfully." 2005 Idaho Sess. Laws Ch. 158 at 488.

[2] While certain cases have limited the definition found in I.C. § 18-101(1) with regard to crimes such as I.C. § 18-918; they have done so merely to eliminate the circularity introduced by inclusion of the second sentence, which would eviscerate the plain meaning of the term within the context of those statutory sections. *See, e.g.*, *State v. Young*, 138 Idaho 370, 372-73, 64 P.3d 296, 298-99 (2001); *State v. Sohm*, 140 Idaho 458, 460-61, 95 P.3d 76, 78-79 (Ct. App. 2004).

indications of the crime alleged) to impart subject matter jurisdiction. Finally, we need not address Loftis's premise that an information which alleged only a misdemeanor would not confer "jurisdiction" for a felony conviction, as opposed to presenting a due process issue that would be waived if not raised before a trial or guilty plea. We do, however, reject the argument that jurisdiction can be conferred only by verbatim recitation of statutory language (*e.g.*, "willfully") or explicit reference to an Idaho Code subsection number (*e.g.*, I.C. § 18-918(3)). *See, e.g.*, *Robran*,119 Idaho at 288, 805 P.2d at 494.

The district court's order denying Loftis's Rule 35 motion is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**