805 P.2d 491

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven Mark ROBRAN,
Defendant–Appellant.**

No. 18274.

Court of Appeals of Idaho.

Feb. 6, 1991.

Alan E. Trimming, Ada County Public Defender; Richard D. Toothman, Deputy Public Defender, Boise, for appellant. Richard D. Toothman argued.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for respondent. Jack B. Haycock argued.

WALTERS, Chief Judge.

Steven Mark Robran appeals his conviction for rape. On review, we are asked to determine whether the Information was sufficient to charge the crime of rape. We are also asked to examine the record to determine whether there was sufficient evidence to support the conviction. As explained below, we affirm.

The relevant facts are as follows. In the late evening of December 27, 1988, Robran entered the unlocked apartment of the complaining witness, a twenty-three year old female. She had fallen asleep in her bed with the lights on while waiting for her boyfriend to arrive. Robran turned out the lights, removed all of his clothes and crawled into the bed with her. It was dark and the woman, believing Robran to be her boyfriend, placed her hand upon his chest. Perceiving the absence of hair on Robran's chest, she realized that a stranger, and not her boyfriend, lay beside her. In reaction, she tried to jump away from Robran. He held her arm, laid her on her back, and told her to be quiet. Robran proceeded to have intercourse with her. Following intercourse, the woman turned on the light and asked Robran why he was there. Robran answered that she had invited him earlier that evening. She said that she had not. The two spoke briefly and then Robran dressed and left. The complaining witness told her boyfriend of the incident later that evening, and he notified the police. Robran subsequently was arrested and charged with one count of rape and one count of burglary. A jury acquitted him of the burglary charge but found him guilty of rape. Appealing the judgment of conviction, Robran maintains that the contents of the Information were insufficient to charge the crime of rape. He further argues that the conviction was not supported by evidence sufficient to establish either that the complaining witness resisted or that Robran prevented her resistance by threats. Robran also contends that the jury instructions defining rape were incomplete. We address these issues in turn.

I

Robran argues that his conviction must be reversed because the Information fails to state the crime of rape and is, therefore, incapable of supporting his conviction. The Information recites that:

STEVEN MARK ROBRAN is accused by this Information of the crime(s) of: I:

RAPE, FELONY, I.C. § 18–6101 ... which crime(s) was committed as follows:

That the defendant, STEVEN MARK ROBRAN, on or about the 27th day of December, 1988, in the County of Ada, State of Idaho, did accomplish an act of sexual intercourse with a female person, [the complaining witness], who was not his wife, and the aforementioned act was accomplished against her will, but her resistance was overcome by the fear that the defendant would hurt her.

Idaho Code § 18–6101 provides, in pertinent part:

. . . . .

Rape is an act of sexual intercourse accomplished with a female under either of the following circumstances:

(3) Where she resists but her resistance is overcome by force or violence.

(4) Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; ....

 Robran maintains that the Information fails to set forth all of the necessary elements of rape which the prosecution must prove under I.C. § 18–6101. Whether an Information conforms to the requirements of law is a question subject to free review. *State v. Clark*, 115 Idaho 1056, 1057, 772 P.2d 263, 264 (Ct.App.1989). A legally sufficient Information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. I.C. §§ 19–1303, 19–1409 through 19–1418; I.C.R. 7(b); *State v. Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct.App.1985). The sufficiency of an Information ultimately depends on whether it fulfills the basic functions of the pleading instrument. Under this functional analysis, we examine, first, whether the Information contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend, and second, whether it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189

(1985); *State v. Gumm*, 99 Idaho 549, 585 P.2d 959 (1978).

 Here, the asserted inadequacy of the Information was first raised as an issue during oral argument on appeal before this Court. Although failure of an Indictment or Information to charge a crime is a fundamental defect which can be raised at any time, *see*, I.C.R. 12(b)(2); *State v. Cahoon*, 116 Idaho 399, 775 P.2d 1241 (1989), Indictments and Informations which are tardily challenged are liberally construed in favor of validity. *Cahoon*, at 400–01, 775 P.2d at 1242–43. Thus, a minor or technical deficiency which does not prejudice the defendant will not provide a basis for setting a conviction aside. *Id.* An Information not challenged before a verdict will be upheld on appeal unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted. *Id.* In construing the Information, the reviewing court has considerable leeway to imply the necessary allegations from the language of the Information. *United States v. Pheaster*, 544 F.2d 353 (9th Cir.1976) *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).

 Robran asserts that the Information failed accurately to allege any of the alternative "circumstances" which could properly establish the "lack of consent" element required by the statute. I.C. § 18–6101; *State v. Banks*, 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987). Concededly, the Information is defective: it alleges that the complaining witness resisted, but her resistance was overcome "by fear" rather than alleging that it was overcome "by force or violence," as provided by subsection (3) of the statute, I.C. § 18–6101(3); and instead of alleging that she was "prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution," as provided in subsection (4) of the statute, the Information states that "her resistance was overcome by fear that the defendant would

hurt her."[1] We note, however, that the words used in a statute need not be strictly restated in the Information. I.C. §§ 19–1417, 19–1303. Thus, the issue before us is whether, under the standards set out above, the Information in this case is so defective that reversal of the conviction under it must be ordered. We conclude that the defect is not fatal to the essential pleading function of the Information, and that reversal is therefore not required.

The Information included the essential elements that Robran accomplished an act of sexual intercourse with the complaining witness, a female, that she was not his wife, and that he did so against her will. It also set forth facts indicating that the complaining witness attempted to resist but that her attempt was thwarted by fear that the defendant would hurt her. Under the liberal rules of interpretation which are to be applied here, we construe these allegations to give rise to an inference that Robran used force or threats to overcome her resistence. We conclude that the element of "lack of consent" necessary to allege a violation of I.C. § 18–6101 can be found in the language of the Information. Moreover, Robran has not claimed that the language of the Information in any way prejudiced the preparation of his defense. If such claim had been made, the facts of this case would tend to belie it. The fact of delay in raising the issue further tends to negate the possibility of prejudice. Similarly, no claim has been made on appeal that the defective drafting of the Information would in any way impair Robran's ability to plead his conviction as a bar in any subsequent prosecution; the language of the Information states specifically that Robran was charged with rape, and references the rape statute, I.C. § 18–6101. *See People v. Saavedra*, 184 Colo. 90, 518 P.2d 283, 285 (1974). Accordingly, we conclude that the Information is sufficient to charge Robran with the offense of rape.

## II

■ We next consider whether the evidence adduced at trial was sufficient to sustain Robran's conviction. The applicable standard of review is whether there was substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263 (Ct.App.1989). We are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *Id.* On appeal, the evidence is reviewed in the light most favorable to the state. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App. 1982).

■ Robran maintains that the evidence at trial was insufficient to show either that the woman resisted, under I.C. § 18–6101(3), or that he had made any threats preventing her resistance. I.C. § 18–6101(4). He contends that in the absence of the proof required to establish lack of consent under the statute, his conviction must be overturned. As noted above, the court instructed the jury under both subsections (3) and (4) of the rape statute. We note further that, where the jury is instructed on alternative "theories" of the state's case, a conviction challenged for sufficiency of the evidence will be upheld if there is substantial evidence to support the verdict on either one of the theories alleged. *See e.g., People v. Flores*, 62 Cal.App.2d 700, 145 P.2d 318, 320–21 (1944).

■ At the trial, the complaining witness testified that when she realized that a stranger was in her bed, she jumped back. The man then grabbed her arm, rolled her on to her back and told her to be quiet.

---

1. Robran asserts that, as a result of this inadequacy, the Information can be read to charge Robran with no more than misdemeanor battery, I.C. § 18–903(b). That crime is defined as any "actual, intentional and unlawful touching or striking of another person against the will of the other." We find this argument to be without merit. Battery is also an offense against a nonconsenting person, although the burden is generally on the defendant to prove consent as an affirmative defense. The key difference between the two crimes, however, is the offensiveness and the outrageousness of the act prohibited.

She testified that at that point she was "scared to death," felt overpowered and did not know what else she could do. She said that she resisted as much as she felt she could, but that she "didn't dare say anything." Robran essentially admits to his actions as testified to by the complaining witness, but claims that he nevertheless made no "threats." He argues that absent evidence of some express threat or display of a weapon, the "fear" on the part of the complaining witness was purely subjective, and not attributable to his conduct or actions. We are unpersuaded.

The Idaho Supreme Court has expressly rejected the view that there can be no threat within the meaning of subsection (4) of the rape statute unless it is expressed in words or through the exhibition of a gun, knife or other deadly weapon. *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975). "A threat may be expressed by acts and conduct as well as by words." *Lewis*, at 749, 536 P.2d at 744, *quoting People v. Flores*, 145 P.2d at 320. Viewing the evidence and inferences in the light most favorable to the state, the facts here indicate that Robran, uninvited and unannounced, entered the home of a sleeping woman at night. He went into her bedroom, and, in the dark, climbed naked into bed with her. The complaining witness testified that she had never before met Robran, and when she realized Robran was next to her, she was scared to death and was unable to determine "just what he was capable of." We conclude that the evidence adduced at the trial was sufficient to support the conviction under either of the alternative theories, depending on how the jury viewed the evidence. *See Lewis*, 96 Idaho at 748, 536 P.2d at 744. The evidence was subject to interpretation by the jury in order to determine whether there was resistance within the meaning of subsection (3), and if not, whether, under the circumstances, resistance was prevented by the acts or conduct of the defendant which reasonably constitute threats of harm sufficient to explain the lack of resistance under subsection (4). *See Lewis*, at 750, 536 P.2d at 745. The question was one of fact for the jury, and we cannot hold that its finding thereon is without support in the evidence.

### III

Finally, Robran contends that instructions to the jury contained incomplete definitions of the elements of rape. The question whether the jury was properly instructed is a question of law over which we exercise free review. *State v. Roll*, 118 Idaho 936, 801 P.2d 1287 (Ct.App. 1990); *Nettleton v. Thompson*, 117 Idaho 308, 310, 787 P.2d 294, 296 (Ct.App.1990); *see, e.g., State v. Lankford*, 116 Idaho 860, 867, 781 P.2d 197, 204 (1989). Robran complains that the instructions were erroneous because they did not expressly inform the jury that subjective fear on the part of the complaining witness was insufficient, by itself, to constitute force or to establish a threat of harm by the defendant. The record indicates that the definitions of rape were taken verbatim from the rape statute, I.C. § 18–6101(3) and (4). We conclude that the additional instructions suggested by Robran were not necessary, and the instructions given were sufficient to inform the jury of the law applicable to their determination of Robran's innocence or guilt. There was no error committed by the trial court.

Accordingly, the judgment of conviction for rape is affirmed.

SWANSTROM and SILAK, JJ., concur.