115 P.3d 710

STATE of Idaho, Plaintiff–Appellant,

v.

Ricky Ricardo QUINTERO,
Defendant–Respondent.

No. 29959.

Supreme Court of Idaho,
Boise, January 2005 Term.

May 3, 2005.

**620**

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent. Justin M. Curtis argued.

TROUT, Justice.

The State of Idaho (State), appeals the district court's order dismissing a charge against Ricky Ricardo Quintero (Quintero) on the basis that the district court lacked jurisdiction. Because the information contained a statement of territorial jurisdiction and cited the applicable section of the Idaho Code, the district court had jurisdiction. We reverse the decision of the district court.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Quintero with several counts, including a charge of removing a firearm from a law enforcement officer pursuant to I.C. § 18–915A. As to this count, the information stated:

> That the Defendant, RICKY RICARDO QUINTERO, on or about the 11th day of February, 2003, in the County of Canyon, State of Idaho, did willfully and knowingly remove or attempt to remove a firearm from the possession of a law enforcement officer, to-wit: Douglas Daniels, Canyon County Sheriff Officer number 5218, while

> Deputy Daniels was acting in the lawful course, scope and capacity of his duties, to-wit: by struggling with Deputy Daniels, grabbing his service pistol and pulling the weapon approximately halfway from the holster until the Deputy was able to force the hand of Rickey Ricardo Quintero away from the pistol. All of which is contrary to Idaho Code, Section 18–915A and against the power, peace and dignity of the State of Idaho.

The matter proceeded to a jury trial. After the State rested, Quintero moved for a judgment of acquittal on the charge of removing a firearm from a law enforcement officer, which he later characterized as a motion to dismiss. Counsel for Quintero stated:

> Judge, the basis of my motion is that the (sic) Count II does not allege a violation of 18–915A, specifically (b). The information does not allege that Mr. Quintero knew or had reason to know that the other person was employed as a law enforcement officer. That is the material element of the crime. It hasn't been alleged. And basically, at this point, there is no jurisdiction because there's been no crime alleged.

After hearing the parties' arguments and taking additional time to review the issue, the district judge orally ruled:

> I find this information to be jurisdictionally defective. There is a failure to state a fact from the statute essential to establish the offense charged, and it's my opinion that if I allow the case to go to the jury, I will be committing clearly appealable error.
>
> . . .
>
> It's just my final opinion in this matter that I have no choice but to dismiss Count II and not permit that to go to the jury.
>
> . . .
>
> I was somewhat perplexed yesterday, as the defense counsel noted, because it was a motion for judgment of acquittal and I do feel the State met their elements at trial. I just see Count II of the amended information to be jurisdictionally defective because of the fact that it does not contain what I would be required to instruct upon.

The district judge entered a written order entitled Order Granting Judgment of Acquittal from which the State appealed.

## II.

## STANDARD OF REVIEW

■■■ Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State,* 127 Idaho 469, 471, 903 P.2d 58, 60 (1995), and over which appellate courts exercise free review. *State v. Barros,* 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). "Whether an information conforms to the requirements of law is also a question subject to free review." *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004) (citing *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991)).

## III.

## ANALYSIS

■■■ Preliminarily, even though the district judge's order was labeled a "judgment of acquittal," it is clear from the motion and the district judge's reasoning in ruling on the motion that the order was actually a dismissal of the charge of removing a firearm from a law enforcement officer. The district judge did not resolve any factual elements in favor of Quintero and the dismissal was procedurally based. In fact, at the time she dismissed the charge, the district judge noted: "yesterday when the State rested, it's the opinion of this Court that the State in trying this case had met all of the elements sufficiently to survive—on Count II to survive a motion for judgment of acquittal." Acquittal of a charge after trial, when some or all of the factual elements are resolved, cannot be equated with a dismissal where the dismissal occurred before any facts were resolved or a decision on the merits was rendered. *State v. Werneth,* 101 Idaho 241, 244, 611 P.2d 1026, 1029 (1980). Despite the order's title, this was in reality a dismissal of the charge based upon insufficiency of the allegations in the information.

■■■ As to the district court's conclusion that it lacked jurisdiction, "[t]he indictment or information filed by the prosecution is the jurisdictional instrument upon which a defendant stands trial." *Jones,* 140 Idaho at 757, 101 P.3d at 701 (citing *State v. Izzard,* 136 Idaho 124, 127, 29 P.3d 960, 963 (Ct.App. 2001)). "Subject matter jurisdiction in a criminal case is conferred by the filing of an 'information, indictment, or complaint alleging an offense was committed within the State of Idaho.'" *Jones,* 140 Idaho at 757–58, 101 P.3d at 701–02 (quoting *State v. Rogers,* 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004)). "Since the indictment or information provides subject matter jurisdiction to the court, the court's jurisdictional power depends on the charging document being legally sufficient to survive challenge." *Id.* at 758, 101 P.3d at 702. To be legally sufficient, an indictment or information must meet two standards:

> First, there is the question of whether an indictment or information is legally sufficient for the purpose of due process during proceedings in the trial court. Second, there is the separate question of whether an indictment or information is legally sufficient for the purpose of imparting jurisdiction.

*Id.* In this case, Quintero's challenge was solely jurisdictional. This Court's recent opinion in *State v. Jones* is instructive. In *Jones,* the information omitted the element of "willfulness" as required for a violation of the crime charged. The defendant pled guilty to the charge and was sentenced. The defendant did not object until after the entry of judgment. In holding the information was sufficient to confer jurisdiction, this Court stated: "[W]hen an objection to a charging document is not made until *after* the entry of judgment, if the applicable code section is named in the charging document its language may be read into the text of the charge." *Jones,* at 759, 101 P.3d at 703 (emphasis added).

■■■ Like the information in *Jones,* the information in this case alleged the crime was committed in Idaho and referenced the applicable section of the Idaho Code. Similar to the information in *Jones,* where the "willfulness" element of the crime was omitted, the information in this case omitted an element of the crime—that Quintero "knew or

**622**

had reason to know" the other person was employed as a law enforcement officer who, in an official capacity, was authorized to make arrests. The only significant difference between *Jones* and this case is the timing of the jurisdictional challenge. In *Jones,* the defendant pled guilty to the charge and challenged the information after the district court sentenced him. In this case, Quintero challenged the information after the State rested but before the jury had rendered a verdict.

Idaho Criminal Rule 12(b)(2) states:

The following must be raised *prior to trial:*

. . .

(2) Defenses and objections based on defects in the complaint, indictment or information (other than it fails to show jurisdiction of the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings); . . .

I.C.R. 12(b)(2) (emphasis added). As articulated by Rule 12(b)(2), the level of scrutiny applied to a challenge depends on the nature of the challenge. If a challenge is purely jurisdictional, it can be raised at any time and the court simply looks to see if the information contains a statement of the territorial jurisdiction of the court and a citation to the applicable section of the Idaho Code. *Jones,* at 759, 101 P.3d at 703. On the other hand, if the challenge is one of due process, such as whether the charging document sufficiently advises the defendant of the nature of the charge, then it is waived if not raised prior to the commencement of trial or entry of a guilty plea. I.C.R. 12(b)(2); *Jones,* at 758, 101 P.3d at 702 (noting valid due process concerns are waived unless raised before trial). In this case, any due process challenges to the information were obviously waived because they were not raised before the commencement of trial. As to Quintero's jurisdictional challenge, the information in this case is not jurisdictionally defective because it contained a statement of the territorial jurisdiction of the court and cited the applicable section of the Idaho Code. Therefore, the district court had jurisdiction and it was er-

ror to dismiss the charge based on lack of jurisdiction.

The State also asks this Court to opine on whether re-trial of Quintero would violate double jeopardy principles. We decline to do so, apart from pointing out that the charge against Quintero was dismissed below based on the district judge's view that the court lacked jurisdiction, not based upon any factual determination in Quintero's favor. *See Werneth,* 101 Idaho at 244, 611 P.2d at 1029.

### IV.

### CONCLUSION

The information was sufficient to confer jurisdiction on the district court. The decision of the district court regarding the charge of removing a firearm from a law enforcement officer is reversed and remanded for new trial.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.