181 P.3d 531

STATE of Idaho, Plaintiff–Respondent,

v.

Alese STEWART–MEYERS,
Defendant–Appellant.

No. 32037.

Court of Appeals of Idaho.

Jan. 8, 2008.

Review Denied April 15, 2008.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Courtney E. Beebe, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Alese Stewart–Meyers appeals from her conviction for aiding and abetting assault, asserting that the district court lacked subject matter jurisdiction as to this charge because the information was impermissibly amended to include the aiding and abetting charge. We affirm.

The state charged Stewart–Meyers by complaint with second degree kidnapping, I.C. §§ 18–4501(1), 18–4503. At the preliminary hearing, the magistrate found probable cause and bound Stewart–Meyers over to the district court. The state then charged Stewart–Meyers by information with second degree kidnapping. Stewart–Meyers pled not guilty and trial was set.

Prior to trial, the state moved to amend the information by adding a charge of aiding and abetting aggravated assault, I.C. §§ 18–901(b), 18–905(b), 18–204, to which Stewart–Meyers did not object. The district court granted the state's motion. At trial, the jury found Stewart–Meyers guilty of second degree kidnapping and of aiding and abetting assault. Stewart–Meyers appeals from the conviction for aiding and abetting assault, contending that the court lacked subject matter jurisdiction because Idaho Criminal Rule 7 allows the information to be amended only if no additional or different offense is charged.

■ Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of an information alleging that an offense was committed within the State of Idaho confers subject matter jurisdiction. *Id.* at 757–58, 101 P.3d at 701–02. Because the information provides subject matter jurisdiction to the district court, the district court's jurisdictional power depends on the charging document being legal-

ly sufficient to survive challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.*

■ A challenge asserting that the charging information is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. *Id.* at 758, 101 P.3d at 702. If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, in order to survive the challenge, the charging document must be found to set forth all facts essential to establish the charged offense. *State v. Halbesleben*, 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App.2003). When the information's jurisdictional sufficiency is challenged after trial, it will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant was convicted. *Jones*, 140 Idaho at 759, 101 P.3d at 703; *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). A reviewing court has considerable leeway to imply the necessary allegations from the language of the information. *Jones*, 140 Idaho at 759, 101 P.3d at 703; *Robran*, 119 Idaho at 287, 805 P.2d at 493. In short, when considering a post-trial challenge to the jurisdictional sufficiency of the information, a reviewing court need only determine that, at a minimum, the information contains a statement of the territorial jurisdiction of the court below and a citation to the applicable section of the Idaho Code. *State v. Quintero*, 141 Idaho 619, 622, 115 P.3d 710, 713 (2005); *State v. Murray*, 143 Idaho 532, 535, 148 P.3d 1278, 1281 (Ct. App.2006).

■ The amended information in the present case alleged the territorial jurisdiction as "County of Bonneville, State of Idaho" and listed pertinent statutes, including the one for aiding and abetting aggravated assault, I.C. §§ 18–901(b), 18–905(b), 18–204. Because Stewart–Meyers challenges the court's jurisdiction for the first time on appeal, we need not subject the information to further jurisdictional scrutiny. The amended information was legally sufficient for the pur-

pose of imparting jurisdiction. *See Quintero*, 141 Idaho at 621–22, 115 P.3d at 712–13. The mere fact that the amendment was made in violation of a procedural rule does not deprive the court of jurisdiction, and the rule violation affords no basis for appellate relief because Stewart–Meyers did not object to the amendment in the trial court.[1]

We conclude the amended information was legally sufficient to impart subject matter jurisdiction to the district court. Accordingly, Stewart–Meyer's judgment of conviction for aiding and abetting assault is affirmed.

---

1. Appellant's brief does not raise any due process argument arising out of the fact that no preliminary hearing was held on the amended charge. *See Goodwin v. Page*, 296 F.Supp. 1205, 1211 (E.D.Okla.1969) (holding a preliminary hearing to be a "vital process" such that the denial of a hearing violates due process); *Buckley v. Hall*, 215 Mo. 93, 114 S.W. 954, 955 (1908) (declaring that whether or not a defendant received a preliminary hearing goes to the regularity of the previous proceedings); *State v. O'Connor*, 31 N.C.App. 518, 229 S.E.2d 705 (1976) (analyzing denial of preliminary hearing as matter of due process); 22 C.J.S. Criminal Law § 456 (2006) (The failure to give a preliminary hearing or examination is not a jurisdictional defect but it may be cause for reversing or setting aside a conviction.). *See also Gray v. Raines*, 662 F.2d 569, 572 (9th Cir.1981).