**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42199**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 429 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 11, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTONIO RUIZ, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for felony injury to a child, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Antonio Ruiz, Jr. appeals from the district court's judgment of conviction for felony injury to a child. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ruiz was indicted for felony injury to a child in violation of Idaho Code § 18-1501(1). The State accused Ruiz of punching the victim, J.A., age six, in the head and stomach causing severe bruising, and pulling J.A. off the floor by his ears causing the skin on J.A.'s ears to recede. Ruiz moved to dismiss the indictment because it failed to properly set forth the essential elements of the offense. The district court denied the motion.

During the discovery phase, the State disclosed two experts--Ms. Guzman and Dr. McPherson. Dr. McPherson did not generate a report of his own; rather, he relied on the

1

reports prepared by his staff, including Guzman's report. Guzman testified as an expert in the State's case-in-chief, and the defense also called an expert. The State then called Dr. McPherson as a rebuttal witness to rebut the defense's expert testimony. Ruiz objected to the use of Dr. McPherson as an expert witness, claiming the State's discovery disclosures were insufficient. The district court disagreed and Dr. McPherson provided rebuttal expert testimony. After trial, Ruiz filed a motion for a new trial and asserted that the use of Dr. McPherson as a rebuttal witness was improper. The district court denied the motion.

Ruiz was convicted of injury to a child, a felony in violation of I.C. § 18-1501(1). Ruiz timely appealed.

## II.

## ANALYSIS

On appeal, Ruiz raises six arguments. First, the district court erred by allowing Dr. McPherson to testify as a rebuttal witness because the State failed to comply with the discovery rules. Second, the district court erred by rejecting his motion to dismiss the indictment even though it omitted an essential element of the crime. Third, the district court erroneously allowed the State to admit evidence of prior bad acts without timely notice. Fourth, the district court created fundamental error by improperly remarking on the weight of the State's evidence. Fifth, the State committed fundamental error during voir dire and closing by misstating the law and lowering the State's burden of proof. And sixth, the alleged errors together constitute cumulative error. We will address each of Ruiz's claims in turn.

### A. Admissibility of Expert Rebuttal Testimony

The district court denied Ruiz's motion for a new trial and found that the State sufficiently disclosed its expert witnesses. A decision on a motion for a new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied

2

a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

There is no argument that the district court failed to perceive the issue as one of discretion. Rather, Ruiz argues that his right to due process was violated because the district court allowed expert rebuttal testimony through an improper interpretation and application of the discovery rules. This Court will uphold a trial court's "decision regarding discovery violations if it is supported by substantial and competent evidence in the record." *State v. Koch*, 157 Idaho 89, 93, 334 P.3d 280, 284 (2014) (citing *State v. Stradley*, 127 Idaho 203, 207-208, 899 P.2d 416, 420-421 (1995)). In addition, where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id*.

The district court reached its decision by an exercise of reason and acted within the boundaries of its discretion and consistently with the relevant legal standards. Upon request from the defense, the State must disclose: (1) the witness's opinion; (2) the facts and data forming the basis of that opinion; and (3) the qualifications of the witness. Idaho Criminal Rule 16(b)(7); *State v. Morin*, 158 Idaho 622, 625, 349 P.3d 1213, 1216 (Ct. App. 2015). The State's summary disclosure[1] provided that Dr. McPherson would rely on the report generated by his staff at CARES. The report provided detailed information about the facts derived from the CARES examination and opinions drawn from the examination and information obtained. The State also disclosed Dr. McPherson's curriculum vitae. The disclosures gave Ruiz notice that

---

[1]     Excerpt of the State's summary disclosure:

Dr. McPherson and Ms. Guzman . . . will give an expert opinion regarding child abuse, accidental versus non-accidental injuries and that the injuries sustained by J.A. medically constituted great bodily injury within the parameters as established in Judge Southworth's Court order. They will testify as to their evaluation of the victim's injuries observed and the extent of the victim's injuries. Dr. McPherson did not generate a report. He relied on the reports prepared by his staff at CARES . . . . These reports were previously disclosed.

Dr. McPherson would testify generally about child abuse and specifically about the significance of J.A.'s injuries as reflected in the disclosed CARES report.[2]

Ruiz's own expert disclosure was based upon review of the CARES report. Ruiz's expert, however, also testified to facts and theories that were not included in his pretrial disclosure, and thus were independently open to rebuttal. This Court has held that "the prosecutor's duty to disclose witnesses does not extend to persons called for rebuttal." *State v. Lopez*, 107 Idaho 726, 739, 692 P.2d 370, 383 (Ct. App. 1984). Similarly, I.C.R. 16(b)(7) states that "this subsection does not require disclosure of expert witnesses . . . intended only to rebut evidence or theories that have not been disclosed under this Rule prior to trial." Thus, disclosure is not required when the expert's testimony is rebuttal to testimony that was not disclosed by opposing counsel in discovery. *See id.* The State was also entitled to rebut the undisclosed assertions without pretrial disclosure of such expert witness's rebuttal testimony.

Ruiz asserts that Dr. McPherson should have been required to prepare his own report, rather than referencing the facts and opinions in the CARES report. While we generally agree that specific additional opinions from the report should be disclosed, Ruiz has identified no testimony of Dr. McPherson as to any opinions that were different from or not adequately summarized either in the CARES report or the State's disclosures.[3] The district court did not

---

[2]    The district court had previously ordered that the experts could not testify more specifically that the extent of J.A's injuries amounted to great bodily injury, as that determination was within the province of the jury.

[3]    Ruiz compares the Supreme Court's determination that an expert disclosure was adequate in *State v. Koch*, 157 Idaho 89, 334 P.3d 280 (2014) with this Court's determination in *State v. Morin*, 158 Idaho 622, 349 P.3d 1213 (Ct. App. 2015) that the expert disclosure was inadequate, and asks us to hold that the instant case is more akin to *Morin*. However, we noted in *Morin*, that:

> So far as disclosed by the Supreme Court's opinion, the defendant did not argue that Yeager testified to any other significant opinions that were not set forth in the discovery responses or other scientific or technical information for which disclosure was required by Rule 16(b)(7). Thus, in *Koch*, the State's discovery response actually did provide a summary of the testimony for which disclosure was required.
>
> Here, by contrast, the State's discovery response divulged no component of Dr. Dawson's testimony, and certainly not the opinion to which he ultimately testified, that Morin "was impaired and was unsafe to operate a motor vehicle."

*Morin*, 158 Idaho at 626-27, 349 P.3d 1217-18.

4

error in determining that the State's disclosures met the requirements of I.C.R. 16(b)(7) and did not violate Ruiz's right to due process.[4]

**B.  Indictment Conferred Jurisdiction**

Ruiz asserts that the indictment failed to confer jurisdiction on the district court because it omitted an essential element of the crime charged. The indictment omitted the term willfully in regard to the injury to child charge.[5] Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). The information, indictment, or complaint alleging an offense was committed within the state of Idaho confers subject matter jurisdiction upon the court. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). An invalid charging document does not confer subject matter jurisdiction. *State v. Lute*, 150 Idaho 837, 840-41, 252 P.3d 1255, 1258-59 (2011). Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Jones*, 140 Idaho at 757, 101 P.3d at 701.

If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must be found to set forth all facts essential to establish the charged offense to survive the challenge. *State v. Halbesleben*, 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct. App. 2003). When the charging document's jurisdictional sufficiency is challenged after trial, it will

---

4    Ruiz argues that his due process rights were violated by inadequate notice. That is, under *Wardius v. Oregon*, 412 U.S. 470, 467 (1973), because the State required Ruiz to disclose his expert opinions pretrial, due process required the State to similarly disclose its expert opinions pretrial. Having concluded that the State did adequately disclose its expert opinions pretrial, no due process violation has been shown.

5    Idaho Code Section 18-1501, Injury to Children:

> (1)    Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.
>
>     . . . .
>
> (5)    As used in this section, "willfully" means acting or failing to act where a reasonable person would know the act or failure to act is likely to result in injury or harm or is likely to endanger the person, health, safety or well-being of the child.

be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant was convicted. *Jones*, 140 Idaho at 759, 101 P.3d at 703; *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991). A reviewing court has considerable leeway to imply the necessary allegations from the language of the charging document. *Jones*, 140 Idaho at 759, 101 P.3d at 703; *Robran*, 119 Idaho at 287, 805 P.2d at 493. In short, when considering a post-trial challenge to the jurisdictional sufficiency of a charging document, a reviewing court need only determine that, at a minimum, the document contains a statement of the territorial jurisdiction of the court below and a citation to the applicable section of the Idaho Code. *State v. Quintero*, 141 Idaho 619, 622, 115 P.3d 710, 713 (2005).

In *Jones*, the charging document failed, as here, to allege that a felony injury to child defendant committed the act in question "willfully." *Jones*, 140 Idaho at 758-759, 101 P.3d at 702-703. Jones did not challenge the charging document on that basis prior to trial and so the Supreme Court applied the liberal standard. Since the charging document referenced the applicable code section, the element of willfulness was adequately conveyed. *Id.* at 759, 101 P.3d at 703.

Ruiz challenged the indictment prior to trial, but he did not challenge it in the same way that he challenges jurisdiction on appeal. Ruiz moved to dismiss the indictment because it "does not charge the commission of any crime against the laws of the State and fails to set forth properly and with the requisite definiteness and particularity of all of the essential elements of the crimes attempted to be charged." Ruiz never explicitly argued that the indictment omitted "willfully" or that such an omission was jurisdictionally defective. Rather, Ruiz argued that the enhancement he was initially charged with was an essential element of the felony injury to child charge, and the facts in the indictment did not sufficiently specify his wrongful actions. Generally, an objection on one ground is not sufficient to preserve an appellate claim on a different ground. *State v. Vondenkamp*, 141 Idaho 878, 885, 119 P.3d 653, 660 (Ct. App. 2005). Thus, the jurisdictional challenge on appeal was brought after trial and will be upheld unless it is so defective that it does not charge the offense for which Ruiz was convicted.

The indictment contained sufficient information to confer jurisdiction to the district court.[6] A charging document that is not challenged prior to the entry of judgment will be upheld

---

[6]    The indictment charged:

where the charging document cited the applicable Idaho Code section and a statement of the lower court's territorial jurisdiction. *Quintero*, 141 Idaho at 622, 115 P.3d at 713. Ruiz's indictment specified that he was accused of "INJURY TO CHILDREN, a felony, Idaho Code Section 18-1501(1)" and included a statement of the court's territorial jurisdiction: "on or about the 11th day of August, 2013, in the County of Canyon, State of Idaho." Thus, under the correct standard of review, the indictment contained sufficient information to confer jurisdiction on the district court.[7]

## C.    Admission of Prior Acts Evidence

Ruiz asserts that the district court erred by finding that the State gave timely notice under the Idaho Rules of Evidence 404(b) of its intent to use evidence of Ruiz's prior acts. The day before trial the State submitted notice of its intent to present evidence of Ruiz's prior acts. The State's notice indicated that it intended to present evidence of prior acts of physical violence against the victim by Ruiz as previously disclosed in the police reports. Ruiz objected, contending that the notice was not filed reasonably in advance of trial and that the State failed to specify the acts it intended to present. The district court addressed the State's motion on the morning of trial and found that the State's notice was timely, but prohibited the State from referencing the prior acts unless the court made a subsequent ruling at trial to admit the evidence.

Idaho Rules of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity

---

ANTONIO RUIZ JR. is accused by the Grand Jury of Canyon County of the crime of INJURY TO CHILDREN, a felony, Idaho Code Section 18-1501(1), committed as follows:

COUNT I - PART I

That the Defendant, ANTONIO RUIZ JR., on or about the 11th day of August, 2013, in the County of Canyon, State of Idaho, under circumstances or conditions likely to produce great bodily harm or death to a child under eighteen years of age, to-wit: [J.A.] of the age of six (6), did inflict unjustifiable physical pain or mental suffering by striking him and/or pulling his ears.

[7]    Ruiz also argues on appeal that the error occurred in the grand jury proceedings. Consequently, he contends that under *State v. Edmonson*, 113 Idaho 230, 239, 743 P.2d 459, 468 (1987), proper review is based upon the standard that error in grand jury proceedings does not constitute grounds for attacking the validity of an indictment, absent a showing of prejudice. He claims that he was in fact prejudiced. First, Ruiz did not make this argument below. Second, *Edmonson* does not apply. Third, Ruiz has shown no prejudice.

7

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could find the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a materially disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

The State claims that the issue of the timeliness of the Rule 404(b) notice is moot. We agree. An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded by judicial relief. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The mootness doctrine precludes review when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Idaho Schools for Equal Educ. Opp. v. Idaho State Bd. of Educ.*, 128 Idaho 276, 281, 912 P.2d 644, 649 (1996) (quoting *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991)). Although the district court ruled that the State's notice was timely, it deferred its ruling on whether or not the evidence was admissible under a 404(b) exception until the evidence was to be introduced. Ruiz complains that the lateness of the notice caused the court to defer ruling and necessitated several sidebars during trial to discuss evidence the State wanted to introduce without running afoul of the Rule or the court's rulings. Ruiz points to only three instances involving evidence of (1) prior discipline of the victim to impeach the victim's mother, (2) prior discipline to refresh the

8

victim's recollection, and (3) the detective's testimony that Ruiz told her that in a general sense pulling the victim's ears was his preferred form of discipline. However, Ruiz did not object to these references on Rule 404(b) grounds or that they violated any ruling of the court. Thus, the district court never ruled on the admissibility of the evidence pursuant to 404(b) because no 404(b) objection was made. Further, there is no indication that the evidence was admitted pursuant to Rule 404(b), as opposed to some other evidentiary basis. Thus, there was no prohibited 404(b) evidence admitted over defense counsel's objection, so the court's ruling about the timeliness of the State's notice pursuant to 404(b) is moot because there is no indication that evidence was ever admitted under 404(b).[8]

### D.    District Court's Comment on the Weight of the State's Evidence

Ruiz asserts that the district court improperly remarked on the weight of the State's evidence during trial. Specifically, while cross-examining J.A.'s mother, the State elicited testimony about the pain J.A. experienced, to which Ruiz objected. The court commented "I'm going to allow it. I'm sure that [the prosecutor] will describe everything [J.A.] said. I think from everything it's going to be quite obvious." Comments made by the court during trial may constitute reversible error if they comment on the weight of the evidence, or indicate an opinion of the court as to the guilt or innocence of the defendant. *State v. White*, 97 Idaho 708, 711-12, 551 P.2d 1344, 1347-48 (1976). Ruiz failed to object to the comment when it was made and now contends that the comment was improper and violated his right to a fair trial.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court

---

[8]    Ruiz also argues that the prosecution's sidebars with the court shows an implicit finding that the evidence was admitted under 404(b). Ruiz provides no evidence to support his argument because the trial transcript reflects that the evidence in question was admitted for other purposes and was never admitted pursuant to 404(b). In addition, Ruiz himself testified to the prior acts, which opened the door for the prosecutor to use the propensity evidence in closing. For all these reasons, even if the court had erred in determining the notice was timely, the error would be harmless.

abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

The record reflects the relevant exchange:

| | |
|---|---|
| PROSECUTOR: | When [J.A.] was having his ears pulled, was he crying? |
| WITNESS: | Yes. |
| PROSECUTOR: | It was extremely painful for him; wasn't it? |
| WITNESS: | Yes. |
| DEFENSE COUNSEL: | I'm going to object. It calls for a conclusion from this -- |
| PROSECUTOR: | Judge, I'll lay more foundation. |
| DEFENSE COUNSEL: | --of a nonexpert witness. |
| COURT: | I'm going to allow it. I'm sure that [the prosecutor] will describe everything [J.A.] said. I think from everything it's going to be quite obvious. |
| PROSECUTOR: | Ms. Alfaro, you've seen your son in pain before; haven't you? |
| WITNESS: | Yes. |
| PROSECUTOR: | He's been hurt before; right? |
| WITNESS: | Sick. When he's sick, yes. |
| PROSECUTOR: | Okay. Gotten injured, seen when he gets an owie? |
| WITNESS: | Um-hmm. |
| PROSECUTOR: | Seen him cry from an owie? |
| WITNESS: | Yes. |
| PROSECUTOR: | When he was having his ears pulled by the defendant, that was a considerable amount of pain he was expressing to you, wasn't it? |
| WITNESS: | Yes. |

Ruiz has failed to demonstrate any error, let alone constitutional error, necessary to satisfy the first prong of *Perry*. From the context of the entire exchange, when the court said that "it's going to be quite obvious," the court was overruling Ruiz's foundational objection, correctly as it turns out, expecting testimony satisfying the foundational requirements. The court was not commenting on the strength of the State's case.

Ruiz similarly fails to meet the second prong of the *Perry* test because, if at worst the statement is ambiguous, it is then not clear from the face of the record that the trial court

10

improperly commented on the weight of the State's evidence as opposed to anticipated foundational testimony. We will not assume the jury took the most damaging possible inference from an ambiguous comment. The trial court did not commit fundamental error by commenting on the weight of the State's evidence at trial.

**E.     Prosecutorial Misconduct**

Ruiz asserts that the prosecutor committed fundamental error by misstating the law during voir dire and closing. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *Field*, 144 Idaho at 571, 165 P.3d at 285. However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* Ruiz made no contemporaneous objection to the prosecutor's voir dire questioning or closing argument at trial and thus must establish fundamental error.

**1.     Voir dire**

Ruiz contends that the prosecutor misrepresented the State's burden of proof during voir dire and persuaded an eventual juror that an incorrect burden standard should be followed. Specifically, he argues that the State informed the venire that the State was only required to prove that Ruiz intended the alleged physical acts that violate I.C. § 18-1501(1). The following exchange occurred:

| | |
|---|---|
| PROSECUTOR: | Do you think that the criminal courts should get involved in situations of excessive force during discipline? |
| PROSPECTIVE JUROR: | Yes, I think so. |
| PROSECUTOR: | Is there anyone that thinks that the criminal courts should not get involved? Juror No. 390, do you understand that the State doesn't have to prove why someone hit a child, only that they did? |
| PROSPECTIVE JUROR: | Yes. |
| PROSECUTOR: | Are you okay with that? |
| PROSPECTIVE JUROR: | Yes. |
| PROSECUTOR: | You know it's human nature to always want to know things; right? We always want to know different parts. That's just how we are. |
| PROSPECTIVE JUROR: | Right. |
| PROSECUTOR: | Can you live with it, though, if that's all--if you don't know why, just that it happened? |

| | |
|---|---|
| PROSPECTIVE JUROR: | No. I don't think I could. I'd have to know why, what led up to it or--yes. |
| PROSECUTOR: | Okay. Now, if the State talks to you about and presents evidence about the facts around it but not why there was a decision to actually hit the child, is that going to be enough for you? |
| PROSPECTIVE JUROR: | Well, the fact that it was done, if you could prove that it was done, then that would be enough. |
| PROSECUTOR: | Okay. |
| PROSPECTIVE JUROR: | And that the person did it. |
| PROSEUCTOR: | Okay. So if the State proves the case, even if there's questions in your mind, you're okay with that? |
| PROSPECTIVE JUROR: | Yeah. |

Ruiz has failed to demonstrate any error let alone constitutional error necessary to satisfy the first prong of *Perry*. From the context of the entire exchange, the prosecutor was determining if any of the prospective jurors would require the State to prove elements beyond what the jury instructions would require, such as a motive for child abuse. Generally, great latitude is afforded both parties in questioning during voir dire. *State v. Dunlap*, 155 Idaho 345, 369, 313 P.3d 1, 25 (2013); *State v. Lewis*, 126 Idaho 77, 81, 878 P.2d 776, 780 (1994).

Ruiz similarly fails to meet the second prong of the *Perry* test because at worst the statements are ambiguous. Therefore, it is not clear from the face of the record that the prosecutor's statements reflected an incorrect burden on the State or were directed at negating any need to prove motive. The prosecutor repeatedly indicated the State did not need to prove "why" the event occurred, not that the State did not need to prove that the act was done "willfully." We will not assume the jury took the most damaging possible inference from prosecutor's statements. The prosecutor did not commit fundamental error misrepresenting the State's burden of proof.

### 2. Closing argument

Ruiz asserts that the prosecutor committed misconduct during closing arguments by misstating the law and lowering the State's burden of proof. Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective

standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003). However, a prosecutor may not misstate the law during closing arguments. *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Ruiz argues that the prosecutor wrongfully stated in closing that the State only had to prove that Ruiz intended to commit the act itself, which is contrary to the statutory definition of the term "willfully," in this context. The prosecutor stated:

> We're not here today to tell you that Mr. Ruiz is a bad father, but the way that he treated [J.A.] was criminal. The abuse he inflicted on [J.A.] was criminal. This wasn't discipline. This isn't a mistake or an accident gone too far. This was an intentional act. And he may not have intended for his son to be injured like that, but ladies and gentlemen, that is not for you to decide. Because all he had to do was intend the act itself.
> And as he sat there that day in the kitchen and he grabbed [J.A.'s] ears and he screamed, "Here's your little liar," and as Idalia was trying to pull him off of [J.A.] and he's pushing her away and continuing to pull on [J.A.'s] ears, lifting him off the ground, he intended that act. As you heard from [J.A.] about how he went out to pick up sticks afterwards, his father was angry at him, and he choked him, and he punched him in the stomach, fell on the goatheads. His shortness of breath, he could hardly breathe. He couldn't play. The defendant intended that act.

The prosecutor also stated in closing, "The defense will also tell you he didn't mean to hurt his child. Well, ladies and gentlemen, again, this doesn't say you have to intend the injury. You have to intend the act. And he told you he intended the act on the ears." For the State to show that a defendant acted willfully pursuant to I.C. § 18-1501(1), it must prove that the defendant "act[ed] or fail[ed] to act where a reasonable person would know the act or failure to act [was] likely to result in injury or harm or [was] likely to endanger the person, health, safety or well-being of a child." I.C. § 18-1501(5). This Court has held that "the fact that a child is ultimately injured or endangered is, by itself, insufficient to convict" under I.C. § 18-1501(1). *State v. Gonzales*, 158 Idaho 112, 118, 343 P.3d 1119, 1125 (Ct. App. 2015). Thus, the State must prove more than the simple intent to act. The State argues that the prosecutor's intent and meaning was that the State need not prove that Ruiz intended the particular injury that occurred. While that may have been the intent, the repeated statement that Ruiz "intended the act" effectively misstated the burden.

Ruiz fails, however, to meet the third prong of the *Perry* test because he has not demonstrated the requisite prejudice. The State's evidence of guilt was strong. More importantly, in this context, the district court instructed the jury that it must follow the rules as

instructed by the court and that: "If anyone states a rule of law different from any I tell you, it is my instruction that you must follow." The district court properly instructed the jury as to the elements of the charge and the State's burden of proof. We presume that the jury followed the jury instructions given by the district court in reaching its verdict. *State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011). There is no indication that the jury did not follow the district court's instructions. Ruiz has not demonstrated fundamental error by the prosecutor misrepresenting the State's burden of proof.[9]

## III.

## CONCLUSION

The district court did not abuse its discretion by allowing expert rebuttal testimony, the indictment was sufficient, and the timeliness of the Rule 404(b) notice is a moot issue. Furthermore, there was no fundamental error caused by the court's statement, the State's voir dire, or the State's closing argument. Accordingly, we affirm Ruiz's conviction for felony injury to a child.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[9] Analysis of Ruiz's cumulative error claim is unnecessary because there was no error.